UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BRIAN WYNN, JOHN WILLIAMS,         ECF CASE
AWILDA GUZMAN, JOSE OTERO,
KEVIN FULTON, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

               Plaintiffs,         14 Civ.2818 (SAS) (SN)

     -against-

NEW YORK CITY HOUSING AUTHORITY,    DECLARATION OF
AND UNION LOCAL 237, I.B.T.        <u>LEE NUWESRA</u>

            Defendants.
-------------------------------------------------------------------X

     **LEE NUWESRA**, an attorney duly admitted to practice in the Southern District of New York, declares pursuant to 28 U.S.C.§ 1746, as follows:

     1.     I am the Principal of the Law Offices of Lee Nuwesra, attorney for Plaintiffs in the above-captioned matter.  I submit this declaration in Support of Plaintiffs' Motion for Class Certification.

**<u>Plaintiff Facts</u>**

**<u>Brian Wynn</u>**

     2.     Plaintiff Brian Wynn (hereinafter "Plaintiff" or "Wynn") is an African American male, who was initially hired by Defendant NYCHA in 1996 as a Caretaker.  Throughout his tenure with NYCHA to date, Wynn was/is a member of Co-Defendant Union.  In April 2010, he was formally required by Defendants to function as a Plasterer Helper also known as Plasterer Tender.  However, although Plaintiff Wynn functioned as a Plasterer Tender, he was not paid the commensurate pay rate.  Rather, in order to disguise this discriminatory employment practice, both Defendants agreed to assign Plaintiff the job title of Caretaker P.  The average disparity in

base pay from April 2010 to date is approximately $14.00 an hour. **(See Amended Complaint, attached hereto as Exhibit A, Paragraphs 11, 23, 25, 40, respectively).**

**John Williams**

      3.     Plaintiff John Williams (hereinafter "Plaintiff" or "Williams") is an African American male, who was initially hired by Defendant NYCHA in 1997 as a Caretaker. Throughout his tenure with NYCHA to date, Williams was/is a member of Co-Defendant Union. In April 2010, he was formally required by Defendants to function as a Plasterer Helper also known as Plasterer Tender.  However, although Plaintiff Williams functioned as a Plasterer Tender, he was not paid the commensurate pay rate.  Rather, in order to disguise this discriminatory employment practice, both Defendants agreed to assign Plaintiff the job title of Caretaker P.  The average disparity in base pay from April 2010 to date is approximately $14.00 an hour. **(See attached Exh. A, Pars. 11, 26, 28, 40, respectively).**

**Jose Otero**

      4.     Plaintiff Jose Otero (hereinafter "Plaintiff" or "Otero") is a Hispanic male, who was initially hired by Defendant NYCHA in 2000 as a Caretaker.  Throughout his tenure with NYCHA to date, Otero was/is a member of Co-Defendant Union.  In April 2010, he was formally required by Defendants to function as a Plasterer Helper also known as Plasterer Tender.  However, although Plaintiff Otero functioned as a Plasterer Tender, he was not paid the commensurate pay rate.  Rather, in order to disguise this discriminatory employment practice, both Defendants agreed to assign Plaintiff the job title of Caretaker P.  The average disparity in base pay from April 2010 to date is approximately $14.00 an hour.  **(See attached Exh. A, Pars. 11, 29, 31, 40, respectively).**

**Awilda Guzman**

5.      Plaintiff Awilda Guzman is a Hispanic female, who was initially hired by Defendant NYCHA in 1997 as a Caretaker.  Throughout her tenure with NYCHA to date, Guzman was/is a member of Co-Defendant Union.  From April 2010 to October 2014. She was formally required to function as a Plasterer Helper also known as Plasterer Tender.  Although Plaintiff Guzman functioned as a Plasterer Tender, she was not paid the commensurate pay rate.  Rather, in order to disguise this discriminatory employment practice, both Defendants agreed to assign Plaintiff the job title of Caretaker P.  The average disparity in base pay from April 2010 to date is approximately $14.00 an hour. **(See attached Exh. A, Pars. 11, 32, 34, 40, respectively).**

**Kevin Fulton**

6.      Plaintiff Kevin Fulton (hereinafter "Plaintiff" or "Fulton") is an African American male, who was initially hired by Defendant NYCHA in 1995 as a Caretaker.  Throughout his tenure with NYCHA to date, Fulton was/is a member of Co-Defendant Union.  In April 2010, he was formally required by Defendants to function as a Plasterer Helper also known as Plasterer Tender.  However, although Plaintiff Fulton functioned as a Plasterer Tender, he was not paid the commensurate pay rate.  Rather, in order to disguise this discriminatory employment practice, both Defendants agreed to assign Plaintiff the job title of Caretaker P.  The average disparity in base pay from April 2010 to date is approximately $14.00 an hour.  **(See attached Exh. A, Pars. 11, 35, 37, 40, respectively).**

**Relevant Records**

7.      On 4-9-2010, both Defendants expanded the duties and responsibilities of Plaintiffs and all other similarly situated, in the Caretaker "P" designation assigned to assist Plasterers.  **(See copy of 4-9-2010 communication to Local 237, I.B.T's President Gregory Floyd, from NYCHA's First Deputy General Manager Natalie Y. Rivers, attached hereto as Exh. B).**

8.      As early as November 12, 2007, Defendant Union was aware of, and advocated to the New York City Office of the Comptroller, that the "Caretaker "P" title is the same as a "Plasterer Helper", which is specifically recognized as a § 220 Prevailing Wage Title.  **(See copy of 11-12-2007 Labor Law Complaint, sworn to and filed by Union President Gregory Floyd, attached hereto as Exh. C).**

9.      As of July 2011, there were at least 196 Caretaker P's (Plasterer Helpers), in the employ of Defendant NYCHA.  **(See copy of six months Practical Exam Scoring Summary, relating to expanded duties, dated 7-27-2011, attached hereto as Exh. D).**

10.     The § 220 Prevailing Wage Schedule for the Title of Plasterer-Tender also known as Plasterer Helper, from April 2010 to the Present was/is as follows:

(a)     $32.74          Wage rate per hour, from 01/11/2010 – 06/30/2010;

(b)     $33.54          Wage rate per hour, from 07/01/2010 – 06/30/2011;

(c)     $33.54          Wage rate per hour, from 07/01/2011 – 02/05/2012;

(d)     $34.19          Wage rate per hour, from 02/06/2012 – 06/30/2012;

(e)     $34.24          Wage rate per hour, from 07/01/2012 – 12/31/2012;

(f)     $34.50          Wage rate per hour, from 01/01/2013 – 06/30/2013;

(g)     $35.00          Wage rate per hour, from 07/01/2013 – 01/19/2014;

| | | |
|---|---|---|
| (h) | $35.53 | Wage rate per hour, from 01/20/2014 – 06/30/2014; |
| (i) | $35.53 | Wage rate per hour, from 07/01/2014 – 01/04/2015; |
| (j) | $36.47 | Wage rate per hour, from 01/05/2015 – 06/30/2015; and |
| (k) | $36.67 | Wage rate per hour, from 07/01/2015 – 06/30/2016. |

**(See copy of § 220 Prevailing Wage Schedule(s), issued by the New York City Comptroller's Office, attached hereto as Exh. E).**

11.     Presently, Plaintiffs and all other similarly situated Plasterer Helpers are being compensated at $22.70 per hour.  **(See Exh. A, Par. 40).**


I declare under penalty of perjury that the foregoing is true and correct.


Dated:       October 31, 2015
             New York, New York

                                        By_____/s/_____
                                            Lee Nuwesra, Esq.