UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRIAN WYNN, JOHN WILLIAMS,
AWILDA GUZMAN, JOSE OTERO,                    14 Civ. 2818 (SAS) (SN)
KEVIN FULTON, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,                           ECF CASE

                    Plaintiffs,

   -against-


NEW YORK CITY HOUSING AUTHORITY
and UNION LOCAL 237, I.B.T.

                    Defendants.
------------------------------------------------------------------X


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION FOR CLASS CERTIFICATION**


Lee Nuwesra, Esq.
Law Offices of Lee Nuwesra
*Attorney for Plaintiffs*
One Grand Central Place
60 East 42nd Street, Suite 1132
New York, New York 10165
(212) 370-8707

## I. PRELIMINARY STATEMENT

Defendants' opposition to lead Plaintiffs' Class Certification mischaracterizes the purported Class Claims. Simply stated, the class members' injuries are caused by Defendants' policy of racial discrimination in systematically under-compensating them, on account of their race/ethnicity. Specifically, that Defendant NYCHA, aided and abetted by Defendant Union, discriminate against Plaintiffs, and all others similarly situated Minority Black and Hispanic Plasterer Tenders, on the basis of their race or ethnicity by failing to pay them prevailing wages.

Rather than addressing the propriety of a Class in order to resolve Plaintiffs common questions, Defendants offer red-herrings in order to obfuscate Plaintiffs' theory of liability and the scope of the proposed class, declaring it something unmanageable. Hence, Defendants' objections have nothing to do with the class which Plaintiffs' seek to certify. As our Highest Court has observed in **Holmes Group, Inc. v. Varnado Air Circulation Sys., Inc. 535 U.S. 826, 831 (2002),** it is Plaintiffs, not the Defendants, who are **"the Masters of the Complaint"**. Accordingly, Plaintiffs' Class should be certified under Fed. R. Civ. Pro. 23(b) (3), so that over one hundred of individuals who suffered and continue to suffer from Defendants' uniform unconstitutional pay practices can obtain justice and appropriate redress. "Failure to certify an action under Rule 23(b) (3) on the sole ground that it would be unmanageable is disfavored and 'should be the exception rather than the rule'". See **In re U.S. Foodservice Inc. Pricing Litig., 729 F. 3d 108, 118 (2d Cir. 2013).**

With regard to damages, Plaintiffs are, amongst others, seeking general economic damages. Because the Class members averring a single unlawful policy of under compensating them for the actual work they were required to do, there is no reason why such damages cannot be calculated on a class-wide basis. See **In re Nassau Cnty. Strip Search Cases, No. 99 - Civ.**

1

**3126, 2008WL85268, at 3-7, 6-7 (E.D.N.Y. March 27, 2008).** As to the Class members' other averred individualized damages, the instant Honorable Court has a multitude of tools available to it, as this case progresses. As the Second Circuit has observed "there are a number of management tools available to a district court to address any individualized damages issues, such as bifurcation, the use of a magistrate or special master, alteration of the class definition, the creation of sub classes, or even decertification after a finding of liability". **In re Nassau Cnty. Strip Search Cases, 461 F. 3d 219, 231 (2d Cir. 2006).**

## II.  SUPPLEMENTAL RELEVANT FACTS

Since April 2010, all Caretaker P's, employed and assigned by Defendant NYCHA to assist Plasterers, have been performing the same duties as those of a Plasterer Tender. **(See Declaration of Plaintiff Brian Wynn, hereinafter "Wynn Decl.", Paragraphs 6, 12).[1]** These duties were mandated by both Defendants, where Plaintiffs and others similarly situated had no choice but to perform the same, under threat of discipline. **(Id. Pars. 6-9)**. Moreover, these extended duties were performed by Plaintiffs and the purported class members, on full time basis, Monday through Friday from 8:00 a.m. to 4:25 p.m. **(Id. Par. 10)**.

In the Bronx County alone, there are at least 48 Black or Hispanic class member Plasterer Helpers/Tenders. **(Wynn Decl. Par. 14)**. Moreover, approximately 98% of NYCHA's Minority Plasterer Helpers are either Black or Hispanic. **(Id.)**. Both Defendants maintain, as required by law, the proper employment and relevant hours worked of named Plaintiffs and other class members. **(Id. Pars. 16-18)**.

---

[1] The Declaration of named Plaintiff Brian Wynn, sworn to on 12-18-2015, is annexed to Plaintiffs' Instant Reply Legal Papers

Co-Plaintiff Awilda Guzman is Hispanic. From April 9, 2010 to October 3, 2014, she worked for Defendant NYCHA as a Plasterer Helper. **(See Declaration of Awilda Guzman, hereinafter "Guzman Decl.", Paragraphs 1 and 3).**[2] During her tenure with Defendant NYCHA, since 1997, she was an active member of Co-Defendant Union. **(Id. Par. 4).** She did not retire from NYCHA. Rather, while on Worker's Compensation Disability Leave, she was terminated by NYCHA. **(Id. Par. 6)**.

From 4-10-2010 to 11-25-2013, she was paired with the late Plasterer Eamon Duffy. **(Guzman Decl. Par. 7)**. While functioning as a Plasterer Helper/Plasterer Tender, she regularly worked Mondays through Fridays, from 8:00 a.m. – 4:25 p.m. **(Id. Par. 7)**. She was never given a choice of performing the extended duties of a Plasterer Helper. **(Id. Par. 8)**. Rather, if she or the other Plasterer Helpers refused to do so, they would be disciplined by their employer, Defendant NYCHA. **(Id.).**

## ARGUMENT

### III.  PLAINTIFFS SATISFY FEDERAL RULE 23 (a)

The instant Honorable Court should allow Plaintiffs to certify a class of all Black and Hispanic Minority "Caretaker P's", that were assigned by Defendants the expanded duties of Plasterer Helpers, after 4-9-2010, as they have satisfied the requirements of Rule 23 (a).

A.     **Commonality**

Plaintiffs have shown that the class members have common questions of law or fact, as required by Rule 23(a) (2). At this early stage of the Class Certification proceeding, Plaintiffs

---

[2] **The Declaration of named Plaintiff Awilda Guzman, sworn to on 12-18-2015, is annexed to Plaintiffs' Instant Reply Legal Papers.**

have demonstrated that the class members have suffered the same injury.  Simply put, all class members were mandated by defendants to perform the extended duties of a Plasterer Helper / Tender.  However, the class members were not compensated the proper wages for their mandated work.  **(See Exhibits "B" and "D", attached to Nuwesra's Initial Declaration; and the Declarations of Wynn and Guzman, annexed hereto)**.

### B. Typicality

Here, named Plaintiffs have shown that all similarly situated members are in the same boat.  They all share the same circumstances in which they were mandated by Defendants to perform the work of a Plasterer Tender/Helper, without just compensation, all on account of their Minority Status.  Since all lead Plaintiffs, as well as those they seek to represent, were subject to the same unconstitutional policy of Defendant NYCHA, which was aided by Defendant Union, typicality should be deemed satisfied.

### C. Adequacy

The Class representatives have clearly shown that they can fairly and adequately protect the interest of the class.  As reflected above, they have suffered injuries, as those of the class members, from the same policy and conduct of Defendants.  Lead Plaintiffs clearly suffered the same injuries as the class members, and no conflict has been shown to affect other members of the class.

Moreover, there is more than sufficient evidence showing that Plaintiffs' current attorney, who has over 20 years of Civil Rights Litigation experience, is pretty qualified to represent the

Class.  **(See Reply Declaration of Nuwesra, Paragraph 16 - 22).**[3]  Hence, the Class representatives will fairly and adequately protect the interests of all class members.

### D.  Ascertainability

Surely Defendant NYCHA maintains within its payroll computer system, information regarding all class members pay and hours worked since April 2010.  Moreover, NYCHA's Human Resources Computer System would also have class members' racial classification(s).  In its response to Plaintiffs' Second Document Request, Defendant NYCHA did not claim that such documentation did not exist.  Rather, it claimed in part, that such documentation is confidential. **(See Exhibit "E", attached to Nuwesra's Reply Declaration).**  Plaintiffs respectfully submit that this concern could easily be remedied by the issuance of a Confidentiality Stipulation And Order.

### IV.  PLAINTIFFS' CLASS SHOULD BE CERTIFIED PURSUANT TO FED. R. CIV. PRO 23 (b) (3)

Since Plaintiffs' requirement under Rule 23 (a) has been met, under Rule 23 (a), it is respectfully submitted that Class Certification is appropriate under Rule 23 (b) (3).

To certify a class pursuant to Rule 23(b) (3), a plaintiff must establish (1) predominance – " that the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) superiority – "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." **Fed. R. Civ. P. 23(b) (3); See <u>In re U.S. Foodservice Inc. Pricing Litig.</u> 729 F.3d 108, 117 (2d Cir. 2013).**

---

[3] **The Reply Declaration of Lee Nuwesra, dated 12-20-2015, is annexed to Plaintiffs' instant Reply Legal Papers.**

Defendants challenge plaintiffs' ability to meet the commonality and predominance requirements of Rule 23.  A "question of law or fact is common to the class", **Fed. R. Civ. P. 23(a) (2),** if the question is "capable of class-wide resolution – which means that its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." **Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).**  Rule 23(a)'s commonality requirement may be satisfied if plaintiffs "demonstrate that the class members 'have suffered the same injury.'" **Id., quoting Gen. Tel. Co. of S.W. v. Falcon, 457 U.S. 147, 157 (1982)**.  The claims for relief need not be identical for them to be common; rather, Rule 23(a) (2) simply requires that there be issues whose resolution will affect all or a significant number of putative class members**. See Joseph M. McLaughlin, McLaughlin on Class Actions§ 4:7 (11th ed. 2014)**. "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." **Suschanek v. Sturm Foods, Inc., 764 F.3d 750, 756 (7th Cir. 2014).**

In short, the question for certifying a Rule 23 (b) (3) class is whether "resolution of some legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof" and whether "these particular issues are more substantial than the issues subject only to individualized proof." **In re U.S. Foodservice Inc. Pricing Litig., 729 F.3d at 118. (2d Cir. 2013).**  Here, there should be no doubt that Plaintiffs have met their eligibility for Class Certification, pursuant to Fed. R. Civ. Pro. 23 (b) (2).

## CONCLUSION

For the foregoing reasons, and based on Plaintiffs' Initial Moving Legal Papers, all submitted Declarations, with all attached and annexed documentary evidence, and all proceedings had, Plaintiffs respectfully request that this Honorable Court Certify Plaintiffs' Class Action, pursuant to Fed. R. Civ. P. 23 (b) (3).


Dated: December 21, 2015
       New York, New York


                                  Respectfully Submitted,


                By:           /s/
                     Lee Nuwesra, Esq.
                     LAW OFFICES OF LEE NUWESRA
                     One Grand Central Place
                     60 East 42nd Street, Suite 1132
                     New York, N.Y.  10165
                     (212) 370-8707

                     Attorney for Plaintiffs and
                     The Putative Class